United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41034
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO TOLEDO-VIDES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-188-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Toledo-Vides appeals from his guilty-plea conviction for reentry of a deported alien, in violation of 8 U.S.C. § 1326. Toledo-Vides argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory guidelines scheme held unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

Because the district court sentenced Toledo-Vides under a mandatory guidelines regime, it committed error. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The Government concedes that Toledo-Vides's objection below preserved his claim. We cannot affirm the erroneous sentence unless the Government shows that the error is harmless beyond a reasonable doubt. See United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005). We conclude that the Government has not met its burden. See United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005). We therefore VACATE Toledo-Vides's sentence and remand for re-sentencing.

Toledo-Vides also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Toledo-Vides contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Toledo-Vides properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Toledo-Vides's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.